David Abrams, Attorney at Law
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Eastern District of New York

_____
                                            )
Iyonaa Fournier,                            )
                                            )
                    Plaintiff,              )
                                            )           No.
        - against -                         )
                                            )
                                            )           **Complaint**
Core Services Group, Inc.,                  )
                                            )
                    Defendants.             )
                                            )
_____)

Plaintiff, complaining of the Defendant by her attorney, David Abrams, Attorney at Law, respectfully set forth and allege as follows:

**I.      Introduction**

1.      This is an action for unpaid wages and overtime under the Fair Labor Standards Act; the New York Minimum Wage Act and New York Labor Law.  Plaintiff also asserts a claim for violation of the Wage Theft Prevention Act.

**II.     Parties**

2.      Plaintiff is a natural person.

3.      Defendants Core Services Group, Inc. is a New York corporation with a principle place of business in the State of New York, County of Kings.

**III.    Venue and Jurisdiction**

4.      The Court has subject matter jurisdiction over this matter in that Plaintiff asserts claim under federal law -- a claim under the Fair Labor Standards Act -- and the remaining claims are part of the same case or controversy.

5. The Court has personal jurisdiction over the Defendants in that this matter arises from the Defendants' employment of the Plaintiff out of their facility in Queens New York.

6. Venue is appropriate in that the Corporate Defendants reside in the State of New York, County of Kings.

**IV.   Background**

7. At all times relevant to this complaint, upon information and belief, the Employer operated a social services agency.

8. Plaintiff was employed by the Employer as a housing specialist from June 2017 until her separation from employment in or about May 2018.

9. Plaintiff's job duties consisted of helping the Employer's clients to secure permanent housing.

10. Plaintiff was paid an hourly rate equivalent to $45,000 per year for full time employment.  Although she regularly and generally worked in excess of 40 hours per week, she was not paid overtime premiums for such work.

11. The Employer accomplished this by automatically deducting 30 minutes for lunch every day even though Plaintiff seldom took such a lunch.  Further, the Employer would adjust Ms. Fournier's clock-out times downward to ensure she was not credited for overtime.

12. For example, the Employer's records indicate that Ms. Fournier worked approximately 40 hours the week of March 13, 2018 however in reality Ms. Fournier worked more:  At least approximately 2 1/2 hours of automatically deducted lunches she worked through.

13. As another example, the Employer's records indicate that Ms. Fournier clocked out at exactly 4pm when in reality she completed work at approximately 6:32pm on that day.

14. The Employer failed to provide proper notice to Ms. Fournier pursuant to the Wage Theft Prevention Act in that her paystubs did not include an accurate statement of hour hours and she was not initially notified as to her correct rate of pay.

15. Plaintiff regularly made use of the facilities of interstate commerce in connection with her work.  For example, she regularly sent and received e-mails in the course of her work using the Employer's e-mail account.  Since the Employer's e-mail services were provided by Godaddy, Inc, such e-mails would have been routed through Godaddy's servers in Arizona.

**V.     Causes of Action and Demand for Relief**

<u>Count One: Violation of New York Wage & Hour Law</u>

16. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

17. Plaintiff was an employee of the Employer within the meaning of the New York Minimum Wage Act and accompanying regulations.

18. The Employer was an employer of Plaintiff within the meaning of those same regulations.

19. The Employer violated the above law and regulations in that it did not properly compensate Plaintiff for the hours and overtime hours she worked.  Further, the Employer violated the Labor Law by failing to give Plaintiff the proper WTPA disclosures.

Count Two: Violation of the Fair Labor Standards Act

20. The allegations contained in the preceding paragraphs are incorporated as if restated herein..

21. The Employer violated the Fair Labor Standards Act in that it did not properly compensate Plaintiff for the hours and overtime hours she worked.

WHEREFORE Plaintiff demand judgment against the Employer in the amount of her unpaid back wages, overtime and liquidated damages, in an amount not more than $50,000.00 which includes attorneys fees and costs, and such other and further relief that the Court deems just.

Respectfully submitted,

David Abrams
 Attorney for Plaintiff
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821
Fax    212-897-5811

Dated: December 16, 2018
New York, New York